FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 26 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

VALARIE BROWN,

    Plaintiff,

v.

PAYPAL, INC.,

    Defendant.

_____/

CASE NO.: 2:17-cv-91-JLH

This case assigned to District Judge Holmes
and to Magistrate Judge Kearney

## COMPLAINT

COMES NOW, Plaintiff, Valarie Brown, by and through the undersigned counsel, and sues Defendant, PAYPAL, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### INTRODUCTION

1. The TCPA was enacted to prevent companies like PAYPAL, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan. 3, 2017

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8. The alleged violations described herein occurred in Lee County, Arkansas. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Arkansas, residing in Lee County, Arkansas.

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11. Defendant, PAYPAL, INC., is a Delaware corporation with its principal place of business located at 2145 Hamilton Avenue, San Jose, California 95125 and which conducts business in the State of Arkansas through its registered agent, The Corporation Company, located at 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

12. PAYPAL, INC. called Plaintiff approximately over two hundred (200) times in an attempt to collect a debt.

13. Upon information and belief, some or all of the calls PAYPAL, INC. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as

specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line.

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (870) ***-3131, and was the called party and recipient of PAYPAL, INC.'s calls.

15. PAYPAL, INC. placed an exorbitant number of automated calls to Plaintiff's cellular telephone (870) ***-3131 in an attempt to collect a debt.

16. On several occasions over the last four (4) years, Plaintiff instructed PAYPAL, INC.'s agent(s) to stop calling her cellular telephone. Specifically on one occasion, Plaintiff stated "I will mail $88, but I cannot pay anymore; whatever you want to say to me, say in writing, and do not call my cell phone because you are disturbing me." Each call PAYPAL, INC. made to Plaintiff's cell phone after revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

17. Despite Plaintiff informing PAYPAL, INC. to stop calling PAYPAL, INC.'s autodialer calls to Plaintiff's cellular phone continued. Between December 24, 2016 and March 3, 2017, Plaintiff made a non-exclusive log of one hundred thirty (130) calls she received from PAYPAL, INC. Due to the volume and time period over which she received automated calls, Plaintiff was not able to properly catalogue each and every call from PAYPAL, INC.; however, attached hereto as Exhibit A is a small sampling.

18. The autodialer calls from PAYPAL, INC. came from telephone numbers including but not limited to (888) 393-7165; (866) 380-6584; (888) 361-0688; (866) 380-6583; (888) 361-0689; (888) 393-7167; and (866) 380-6586, and when those numbers are

called a pre-recorded voice or agent answers and identifies the number as belonging to PAYPAL, INC.

19. PAYPAL, INC. knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to four (4) times a day, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

20. PAYPAL, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21. PAYPAL, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or PAYPAL, INC., to remove the number.

22. PAYPAL, INC.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to PAYPAL, INC. they do not wish to be called.

23. PAYPAL, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24. PAYPAL, INC. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25.     PAYPAL, INC. has had numerous complaints against it from consumers across the country asking to not be called; however, PAYPAL, INC. continues to call these individuals.

26.     PAYPAL, INC.'s corporate policy provided no means for Plaintiff to have Plaintiff's number removed from PAYPAL, INC. call list.

27.     PAYPAL, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

28.     Not one of PAYPAL, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

29.     PAYPAL, INC. willfully and/or knowingly violated the TCPA with respect to Plaintiff.

30.     From each and every call placed without express consent by PAYPAL, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

31.     From each and every call without express consent placed by PAYPAL, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from PAYPAL, INC. call.

32.     From each and every call placed without express consent by PAYPAL, INC. to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she

repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33.     Each and every call placed without express consent by PAYPAL, INC. to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34.     Each and every call placed without express consent by PAYPAL, INC. to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

35.     Each and every call placed without express consent by PAYPAL, INC. to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

36.     Each and every call placed without express consent by PAYPAL, INC. to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

37. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, PAYPAL, INC.'s attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

### COUNT I
### (Violation of the TCPA)

38. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty seven (37) as if fully set forth herein.

39. PAYPAL, INC. willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified PAYPAL, INC. that Plaintiff wished for the calls to stop

40. PAYPAL, INC. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Valarie Brown, respectfully demands a trial by jury on all issues so triable and judgment against PAYPAL, INC. for statutory damages, punitive

damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                Respectfully submitted,

                PLAINTIFF, VALARIE BROWN

                Sanford Law Firm, PLLC
                One Financial Center
                650 S. Shackleford, Suite 411
                Little Rock, AR 72211
                T: (501) 221-0088
                F: (888) 787-2040

By: _____
                Christopher Burks
                Ark. Bar No. 2011207
                chris@sanfordlawfirm.com

and _____
                Josh Sanford
                Ark. Bar No. 2001037
                josh@sanfordlawfirm.com

## **Exhibit A – Call Log**

| Date of Call | Time of Call | Number Calling |
|---|---|---|
| 12/28/16 | 10:47 a.m. | (888) 393-7165 |
| 12/28/16 | 1:20 p.m. | (888) 361-0689 |
| 12/29/16 | 1:22 p.m. | (888) 393-7165 |
| 12/30/16 | 1:16 p.m. | (888) 393-7165 |
| 12/30/16 | 10:14 a.m. | (888) 393-7165 |
| 12/31/16 | 10:43 a.m. | (888) 393-7165 |
| 12/31/16 | 8:41 a.m. | (888) 393-7165 |
| 01/02/17 | 6:21 p.m. | (888) 393-7165 |
| 01/02/17 | 2:21 p.m. | (888) 393-7165 |
| 01/02/17 | 10:47 a.m. | (888) 393-7165 |
| 01/03/17 | 10:22 a.m. | (888) 393-7165 |
| 01/03/17 | 5:05 p.m. | (888) 393-7165 |
| 01/04/17 | 6:29 p.m. | (888) 393-7165 |
| 01/04/17 | 2:16 p.m. | (888) 393-7165 |
| 01/04/17 | 10:48 a.m. | (888) 393-7165 |
| 01/05/17 | 1:08 p.m. | (888) 393-7165 |
| 01/07/17 | 10:08 a.m. | (888) 393-7165 |
| 01/07/17 | 9:08 a.m. | (888) 393-7165 |
| 01/08/17 | 10:40 a.m. | (888) 393-7165 |
| 01/09/17 | 6:12 p.m. | (888) 393-7165 |
| 01/09/17 | 2:08 p.m. | (888) 393-7165 |
| 01/09/17 | 10:51 a.m. | (888) 393-7165 |
| 01/10/17 | 1:09 p.m. | (888) 393-7165 |
| 01/10/17 | 10:26 a.m. | (888) 393-7165 |
| 01/10/17 | 4:21 p.m. | (888) 361-0689 |
| 01/11/17 | 6:23 p.m. | (888) 393-7165 |
| 01/11/17 | 2:12 p.m. | (888) 393-7165 |
| 01/12/17 | 5:09 p.m. | (888) 393-7165 |
| 01/13/17 | 1:08 p.m. | (888) 393-7165 |
| 01/13/17 | 10:34 a.m. | (888) 393-7165 |
| 01/13/17 | 10:14 a.m. | (888) 393-7165 |
| 01/14/17 | 9:12 a.m. | (888) 393-7165 |
| 01/14/17 | 8:20 a.m. | (888) 393-7165 |
| 01/15/17 | 2:14 p.m. | (888) 393-7165 |
| 01/15/17 | 10:33 a.m. | (888) 393-7165 |
| 01/16/17 | 10:53 a.m. | (888) 393-7165 |
| 01/16/17 | 6:11 p.m. | (888) 393-7165 |
| 01/16/17 | 2:10 p.m. | (888) 393-7165 |
| 01/17/17 | 10:22 a.m. | (888) 393-7165 |
| 01/23/17 | 2:02 p.m. | (888) 393-7165 |
| 01/23/17 | 10:37 a.m. | (888) 393-7165 |
| 01/23/17 | 6:00 p.m. | (888) 393-7165 |



| Date of Call | Time of Call | Number Calling |
|---|---|---|
| 01/24/17 | 10:08 a.m. | (888) 393-7165 |
| 01/24/17 | 5:06 p.m. | (888) 393-7165 |
| 01/24/17 | 1:03 p.m. | (888) 393-7165 |
| 01/26/17 | 1:10 p.m. | (888) 393-7167 |
| 01/27/17 | 10:11 a.m. | (888) 393-7167 |
| 01/28/17 | 10:11 a.m. | (888) 393-7167 |
| 01/28/17 | 9:20 a.m. | (888) 393-7167 |
| 01/28/17 | 8:12 a.m. | (888) 393-7167 |
| 01/29/17 | 7:25 a.m. | (888) 393-7165 |
| 01/29/17 | 1:45 p.m. | (888) 393-7167 |
| 01/29/17 | 9:51 a.m. | (888) 393-7167 |
| 01/30/17 | 2:13 p.m. | (888) 393-7167 |
| 01/30/17 | 10:44 a.m. | (888) 393-7167 |
| 01/31/17 | 1:15 p.m. | (888) 393-7167 |
| 01/31/17 | 10:08 a.m. | (888) 393-7167 |
| 01/31/17 | 5:16 p.m. | (888) 393-7167 |